**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civ. Act. No. 21-cv-2954-RMR-KAS

DUSTIN J. ULLERICH,

Plaintiff,

v.

MARK DONOHUE, and
ANTHONY BROWN,

Defendants.

**MOTION FOR RULING ON RULE 702 MOTION [ECF 120][1]
IN ADVANCE OF MEDIATION**

Defendant Anthony Brown ("Mr. Brown") respectfully requests that the Court issue a ruling on Defendants' Joint Motion to Exclude Improper Expert Opinions (the "Rule 702 Motion") [ECF 120] in advance of the parties' June 3, 2025 mediation. In support of this request, Mr. Brown states as follows:

Briefing on the Rule 702 Motion concluded on October 30, 2024. Because the outcome of the Rule 702 Motion will materially affect the parties' positions at mediation and the outcome at summary judgment should mediation prove unsuccessful, Mr. Brown respectfully requests that the Court rule on the Rule 702 Motion prior to the parties' June 3, 2025 mediation.

---

[1] Pursuant to D.C.COLO.LCIVR 7.1(a), undersigned counsel conferred with counsel for Mr. Ullerich and Cmdr. Donohue prior to filing this motion and can represent that Mr. Ullerich opposes the relief sought herein and Cmdr. Donohue takes no position.

"It is well settled in this circuit that we can consider only admissible evidence in reviewing . . . summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). "To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006)); *accord Powell v. Fournet*, 968 F.2d 21 (10th Cir. 1992) (Table) ("a trial court should determine whether an expert's testimony would be admissible at trial before considering that testimony in ruling on a motion for summary judgment," including assessing reliability and foundation underlying the expert's opinion) (citations omitted). *See also TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1178 (D. Colo. 2018) ("The Court will begin by addressing the parties' motions to exclude certain opinions of expert witnesses given that the outcome of those motions may affect the Court's resolution of the pending summary judgment motions."); *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1046 (D. Colo. 2011) ("Given Mr. Gale's prominent role in Plaintiff's responses to Defendants' summary judgment motions, it is appropriate to begin by addressing the Rule 702 motions."); *Perry v. Auto-Owners Ins. Co.,* No. 19-CV-3116-WJM-SKC, 2021 WL 4060633, at *8 (D. Colo. Sept. 7, 2021) (ruling on pending 702 motion prior to analyzing the defendant's motion for summary judgment).

Here, the admissibility of opinions rendered by Mr. Ullerich's only retained police practices expert, Mr. Tiderington, has significant implications for the parties' positions not just at summary judgment but also for mediation – and may provide the parties with

compelling motivations to resolve the case at mediation. Moreover, even if the parties' attempts at resolution during mediation prove unsuccessful, a ruling will provide the parties with clarity regarding the universe of admissible evidence in advance of motions practice related to summary judgment. This is particularly true in the instant case because Mr. Ullerich heavily relies on Mr. Tiderington's opinions to challenge facts that Defendants have identified as undisputed. [*See* ECF 141 (Chart of Undisputed Facts), Facts 15, 35-40, 45-47, 49, 52, 54,56-59.] Because clarity regarding what portions of Mr. Tiderington's report and opinions are admissible will either help the parties resolve this case at their June 3, 2025 mediation or be necessary for the Court to resolve Defendants' dispositive motions practice at the summary judgment stage, Mr. Brown respectfully requests that the Court issue its ruling on the Rule 702 Motion prior to mediation.

Respectfully submitted this 12th day of May, 2025.

JEFFERSON COUNTY ATTORNEY'S OFFICE

*/s/ Rebecca P. Klymkowsky*
Rebecca Klymkowsky
Assistant Deputy County Attorney
Ben Longnecker
Assistant County Attorney
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
Telephone: 303.271.8932
Facsimile: 303.271.8901
Email: rklymkow@jeffco.us
Email: bclongne@jeffco.us
*Attorneys for Defendant Brown*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2025, the foregoing **MOTION FOR RULING ON RULE 702 MOTION [ECF 120] IN ADVANCE OF MEDIATION** was electronically served to all parties of record.

John Burton, Esq.
THE LAW OFFICES OF JOHN BURTON
Email:  jb@johnburtonlaw.com
*Attorney for Plaintiff*

Paul L. Hoffman, Esq.
John Washington, Esq.
SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDEZ LLP
Email:  hoffpaul@aol.com
Email:  jwashington@sshhlaw
*Attorney for Plaintiff*

Eric M. Ziporin, Esq.
James Kadolph, Esq.
SGR, LLC
Email:  eziporin@sgrllc.com
Email:  jkadolph@sgrllc.com
*Attorneys for Defendant Donahue*

                                           */s/ Beth Ann Jackson*
                                           Beth Ann Jackson, Paralegal
                                           Jefferson County Attorney's Office